IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DERRICK SCRANTON,<br>TDCJ-CID No. 2197366, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 2:25-CV-138-Z-BR |
| RICHARD HALE, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Derrick Scranton ("Scranton"), alleging violations of his civil rights under 42 U.S.C. § 1983. Scranton filed this lawsuit *pro se* while a prisoner at the Robertson Unit of the Texas Department of Criminal Justice ("TDCJ"), and subsequently was granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Scranton's Complaint be DISMISSED as frivolous under 28 U.S.C. §§ 1915 and 1915A.

## I. STANDARD OF REVIEW

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

1

A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.[1]

On August 9, 2024, while Scranton was housed in the Clements Unit of TDCJ, he was injured when Defendant Richard Hale ("Hale") radioed Defendant Meagan Sergent ("Sergent") to open Scranton's cell door from her location at the picket control booth. (ECF 3 at 4). Scranton was

---

[1]These background facts are taken from Scranton's Complaint (ECF 3) and questionnaire responses (ECF 16) and are assumed to be true for the purpose of evaluating the merits of Scranton's claims.

cleaning his cell at the time the door opened, and his pinky finger was "smashed in [the] door to the point the top of my pinky was hanging off and blood was shooting all over the floor." (*Id*. at 4).  At the time of the incident, Hale was located in the middle of the run, near the lunch cart, and Scranton's cell was located at the end of the hallway in the back. (*Id*. at 6; ECF 9 at 1). Scranton acknowledges that Hale could not see him at the time. (*Id*. at 3).

Scranton went to Hale and showed him the injury, so Hale had another officer escort Scranton to medical. Ultimately, Scranton received 10 stitches at a Fort Worth hospital and his arm was placed in a cast. (ECF 3 at 7). Scranton claims that he is in constant pain, cannot write like he normally does, cannot make a fist, and is in emotional distress due to his constant pain. (*Id.* at 7). He contends that both Hale and Sergent were negligent in causing his injury. (ECF 9 at 2, 4). Scranton filed this lawsuit on June 23, 2025, against Hale and Sergent, seeking $600,000 in damages. (ECF 3 at 4).

**B.      Negligence is Not Actionable Under Section 1983.**

Scranton claims that both Defendants were negligent in opening the door, thereby causing the injury to his finger. However, Scranton's factual allegations, read liberally and accepted as true, do not support an inference that Defendants have violated any constitutional or federal rights sufficient to maintain an action under Section 1983. Simply put, a defendant's negligence is insufficient to state a claim for a constitutional violation. *See Oliva v. Rupert*, 555 F. App'x 287, 288 (5th Cir. 2014) (per curiam) (affirming dismissal of Eighth Amendment claims that officers were responsible for inmate's fall while exiting van, holding that the "[inmate's] allegations against the two transporting officers state, at most, claims for negligence and [are] therefore not valid § 1983 claims"). "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*,

3

474 U.S. 327, 328 (1986) (holding that a prisoner did not state a claim under Section 1983 where he slipped on a pillow that a guard had negligently left on a stairway); *see also Acosta v. Williamson County, Texas*, Case No. 23-50777, 2024 WL 3033303 (5th Cir. Aug. 15, 2024) (no constitutional violation when plaintiff unable to show that defendant intentionally closed a cell door on his finger). The facts as alleged by Scranton support his allegation that Defendants acted negligently, not intentionally. Because negligence is not a valid basis for a Section 1983 claim, Scranton's claims should be dismissed.

**C.      Leave to Amend.**

Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id*. at 768. As discussed here, Scranton fails to state a plausible claim. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege viable legal claims against either Defendant. Scranton has stated his best case in his complaint and detailed questionnaire responses. Under these circumstances, the Court concludes that granting leave to amend would be futile and cause needless delay.[2]

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Scranton's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions

---

[2]That notwithstanding, the 14-day objection period will permit Scranton the opportunity to proffer factual and/or legal bases, if any, to cure the deficiencies in his claims outlined herein.

4

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 15, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).